# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00043-MR-4 and
# CRIMINAL CASE NO. 1:17-cr-00035-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANGELA NAOMI HOWELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 375].

The Defendant was convicted of conspiracy to manufacture and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 171]. She was sentenced in April 2005 to a term of 151 months' imprisonment and five years of supervised release. [Id.]. The Defendant was released from prison on May 7, 2015, and commenced her term of supervised release. [See Doc. 350].

On July 6, 2017, the Defendant was found guilty of violating the terms of her supervised release and was sentenced to a term of 30 months' imprisonment. [Doc. 361]. The Defendant was also separately charged by

way of a Bill of Indictment with two counts of possession with intent to distribute methamphetamine. [Criminal Case No. 1:17-cr-00035-MR-DLH, Doc. 1]. On November 30, 2017, this Court sentenced the Defendant to a term of 84 months' imprisonment in Criminal Case No. 1:17-cr-00035, with such term to run consecutively to the revocation sentence imposed in Criminal Case No. 1:04-cr-00043.

The Defendant now moves for a reduction of her "sentence" pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. [Doc. 375].

To the extent that the Defendant seeks a reduction of her original sentence in Criminal Case No. 1:04-cr-00043, § 3582 is not applicable, as she has already completed that term of imprisonment. To the extent that the Defendant is challenging either her revocation sentence in Criminal Case No. 1:04-cr-00043 or her sentence in Criminal Case No. 1:17-cr-00035, her motion also must be denied. Amendment 782 became effective on November 1, 2014 – long before the Defendant was sentenced in 2017 for these violations. Section 3582 allows the Court to modify a sentence based on a sentencing range that was "subsequently" lowered. 18 U.S.C. § 3582(c)(2) As Amendment 782 was already in effect by the time that the

Defendant was sentenced, she has already received the benefit of this amendment. Therefore, her request for relief under § 3582(c)(2) must be denied. See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 375] is **DENIED.**

**IT IS SO ORDERED.**

Signed: May 16, 2018

Martin Reidinger
United States District Judge