# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00043-MR-4 and
# CRIMINAL CASE NO. 1:17-cr-00035-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ANGELA NAOMI HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to reduce or modify the Defendant's sentence. [Criminal Case No. 1:04-cr-00043-MR-4, Doc. 377; Criminal Case No. 1:17-cr-00035-MR-WCM, Doc. 23].

By the present motion, the Defendant seeks a modification or reduction of her sentence based upon her efforts at rehabilitation while incarcerated.

The Court may reduce or modify a sentence based only on the limited grounds listed in 18 U.S.C. § 3582(c). Post-sentencing rehabilitation is not among the enumerated grounds for relief, and none of the grounds identified in § 3582 are present here. See 18 U.S.C. § 3582(c). While rehabilitation

may be considered when a defendant is being sentenced or resentenced, see Pepper v. United States, 562 U.S. 476, 490 (2011), it cannot serve as an independent basis for a defendant to obtain a resentencing. See United States v. Morris, No. 7:02-cr-00128-GRA-1, 2013 WL 1303124, at *1 (D.S.C. Mar. 28, 2013). Thus, while the Court commends the Defendant's rehabilitative efforts, her request for a reduction or modification of her sentence based on her post-sentencing rehabilitation must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Criminal Case No. 1:04-cr-00043-MR-4, Doc. 377; Criminal Case No. 1:17-cr-00035-MR-WCM, Doc. 23], which the Court construes as a motion to modify the Defendant's sentence, is **DENIED.**

**IT IS SO ORDERED.** Signed: September 10, 2019

Martin Reidinger
United States District Judge